**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PERCY GANT,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2385-G |
| | ) | ECF |
| **DALLAS COUNTY DIRECTOR, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  At the time of filing this action, Plaintiff was incarcerated within the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID). He was recently released from confinement and resides in Dallas, Texas. *See* Notice of Address change filed on February 14, 2007.

Defendants are the Dallas County Director, his trial counsel, the Dallas Police Department, and the TDCJ Director. The Court did not issue process in this case pending preliminary screening.

Statement of Case:  On December 7, 2006, Plaintiff filed a habeas corpus petition

pursuant to 28 U.S.C. § 2254 against the TDCJ Director, challenging his Dallas County convictions in cause numbers F99-50643 and F99-50642. *See Gant v. Quarterman*, 3:06cv2255-K (N.D. Tex. Dec. 7, 2006).[1]

On December 26, 2006, Plaintiff submitted the civil rights complaint, presently at issue, challenging his false arrest, trial counsel's conduct, the legality of his conviction and his confinement within TDCJ-CID. (Docket # 1 in Cause No. 3:06cv2385). He sought to "overturn [his] illegal sentence," and requested the Court to issue "injunction [type] relief [and] to received [sic] damages." (*Id.*, Complaint at 4). Along with the complaint, Plaintiff submitted an "Amended Rule 15 petition" and a motion for leave to proceed *in forma pauperis*. (Docket #2 and #6). All pleadings named as Defendants the Dallas County Director, an unidentified trial counsel, the Dallas Police Department, and the TDCJ Director, and listed cause number 3:06cv2255-K in the top right hand corner of the caption. However, because the complaint was submitted on the civil rights complaint form, the Clerk opened a new civil rights action and assigned it Cause No. 3:06cv2385.

Thereafter, the Court notified Plaintiff that the filing fee for a civil rights action was $350 and that it would be collected even if he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(b). The Court further notified Plaintiff that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement. The Court then granted Plaintiff thirty days to advise whether he wished to proceed with this separate civil rights action, or his case would be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure

---

[1] On March 23, 2007, the undersigned Magistrate Judge filed findings and conclusions, recommending that the habeas corpus petition in No. 3:06cv2255-K be dismissed as successive.

41(b).

On January 18, 2007, Plaintiff filed a motion for leave to amend and for leave to file a writ of mandamus, requesting *inter alia* an acquittal, monetary damages, and a bench warrant. (Docket #7). In light of this pleading, the Court liberally construes this action as seeking mandamus type relief.[2]

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*.[3] The complaint/petition is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915A(a) and (b)(1) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[2] Plaintiff's release from confinement renders his claims for declaratory and injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)). Plaintiff's claim seeking release from confinement is likewise moot.

[3] The fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for writ of mandamus stemming from a state criminal or state post-conviction action. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of state application for post-conviction relief was not subject to fee payment requirements of § 1915).

Plaintiff seeks to sue his defense counsel for ineffective assistance at trial under 42 U.S.C. § 1983. Such a claim lacks an arguable basis in law. A defense attorney in a criminal proceeding, whether retained or court appointed, is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

Alternatively, the Court notes that Plaintiff's claims would impugn on the validity of his state convictions and sentences. Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), Plaintiff's claims are not cognizable in this civil rights action, unless Plaintiff's convictions are reversed, expunged, invalidated or called into question. Presently Plaintiff cannot make such a showing. *See Gant v. Cockrell*, 3:02cv2418-G (N.D. Tex. Mar. 25, 2003) (accepting findings and conclusions of magistrate judge recommending that petition be dismissed as barred by the one-year statute of limitations); *Gant v. Quarterman*, No. 3:06cv2255-K (N.D. Tex. Mar. 2006) (findings and conclusions of magistrate judge recommending that habeas petition be dismissed as second or successive).

Insofar as Plaintiff seeks mandamus type relief against the Dallas Police Department and the Dallas County and TDCJ Directors, his claim fares no better. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275,

4

1275-76 (5th Cir. 1973). A review of the pleadings in this case reflects that the only relief sought is mandamus against state officers for an alleged false arrest and illegal conviction. Therefore, Plaintiff's request for mandamus type relief lacks an arguable basis in law and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for leave to file a writ of mandamus (Docket #7) be GRANTED, and that Plaintiff's claims under § 1983 and for mandamus type relief be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 29th day of March, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.